
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CARROLL CAUDLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 1-03-1263 |
| | ) | |
| JO ANNE BARNHART, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER AMENDING PREVIOUS ORDER APPROVING PLAINTIFF'S ATTORNEY FEES

On April 25, 2005, this court granted Plaintiff Carroll Caudle's motion for approval of attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b), and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The court order found that the $12,025.00 amount requested by Plaintiff and his counsel was reasonable; however, that amount was to be offset by the $5,000.00 already paid to counsel under the EAJA pursuant to the court's order on October 5, 2004. Thus, the April 25th order approved a fee of $7,025.00 under § 406(b), to be directly forwarded to Plaintiff's counsel out of the past-due benefits withheld.

Before the court is Defendant's motion to amend the April 25th order. Plaintiff responded. Defendant argues that the court's previous order should be amended to reflect

that Plaintiff's counsel, not Defendant, should refund Plaintiff $5,000.00 from the $12,025.00 in attorney's fees awarded under § 406(b) as reimbursement for EAJA fees previously received by Plaintiff's counsel. Specifically, Defendant cites Pub. L. No. 99-80, 99 Stat 183, (August 5, 1985), which amended the EAJA, and provides:

> (b) Section 206(b) of the Social Security act (42 U.S.C. 406(b)(1)) shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code. Section 206(b)(2) of the Social Security Act shall not apply with respect to any award but only if, where the claimant's attorney receives fees for the same work under both section 206(b) of that Act and section 2412(d) of title 28, United States Code, the claimant's attorney refunds to the claimant the amount of the smaller fee.

The government also relies on the Supreme Court's holding in Gisbrecht v. Barnhart, 535 U.S. 789 (2002). In Gisbrecht, the Court addressed the relationship between attorney's fees awarded under both the EAJA and § 406(b):

> Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, *but the claimant's attorney must 'refun[d] to the claimant* the amount of the smaller fee.'

535 U.S. at 796 (quoting Pub. L. No. 99-80 § 3, 99 Stat. 186). Thus, Defendant argues that, when reading Pub. L. No 99-80 and Gisbrecht together, the implication is that the government pays court-awarded fees to the plaintiff's counsel and that the attorney then refunds the appropriate amount to his client.

Plaintiff argues that Kopulos v. Barnhart, 318 F.Supp.2d 657 (N.D.Ill. 2004), and Kimball v. Shalala, 826 F.Supp. 573 (D.Me. 1993), require a different result. The court disagrees with Plaintiff's contention. First, it should be noted that, even if the findings of

the Northern District of Illinois and District of Maine support Plaintiff's argument, these district court holdings are persuasive but not binding authority on this court. Second, after reviewing Kopulos and Kimball, the court finds that both cases support Defendant's contention that Pub L. No. 99-80 and the Supreme Court's Gisbrecht decision require Plaintiff's counsel to refund Plaintiff $5,000.00 awarded under § 406(b).

In Kimball, the district court noted that "where a claimant's attorney receives fees for the same work" under both §406(b) and the EAJA, "the claimant's attorney *refunds to the claimant* the amount for the smaller fee." Kimball, 826 F.Supp. at 578 (internal citations omitted) (emphasis added). The district court then awarded "Plaintiff's counsel $2,677.50 in fees and Plaintiff is entitled to a refund of the entire amount withheld...." Id. Therefore, when applying Pub. L. No. 99-80 and Gisbrecht, the district court awarded the entire amount to plaintiff's counsel and then ordered the attorney to reimburse the plaintiff. The district court did not order the government to off-set the amount already disbursed under the EAJA.

In Kopulos, the Northern District of Illinois considered whether an attorney could recover under the EAJA and § 406(b). Kopulos, 318 F.Supp.2d at 663-64. The district court noted that Congress extended and amended the EAJA in 1984 to permit attorneys to collect both EAJA awards and SSA awards under certain circumstances. Id. at 663. "The result was a harmonization of fees payable by the Government under the EAJA with fees payable out of a claimant's past-due social security benefits under §§ 406(b) that permitted fee awards under both prescriptions *so long as the attorney refunds to the claimant* amount of the smaller fee." Id. (citing Gisbrecht, 535 U.S. at 796) (emphasis added). The district

court went on to state:

> The claimant is to be the primary beneficiary of the EAJA award. Thus, if a claimant is entitled to past-due benefits in the amount of $10,000, the attorney under the SSA would be entitled to 25% of that amount, or $2,500, and the claimant would receive $7,500 in net benefits. However, if the attorney had secured an EAJA award of $1,000 "for the same work," the claimant would receive the benefit of that award in the form of a credit, which would be paid by the Government, against the $2,500 owed to the attorney. Therefore, the attorney would net $2,500 and the claimant would net $8,500 (as opposed to $7,500). Similarly, if the EAJA award had been $3,000, the attorney would net the entire $3,000 and the claimant would net the entire $10,000. The cap on SSA awards under §§ 406(b)(1) is not a ceiling on the amounts of attorney's fees that can be awarded under the EAJA.

Id. at 664 (internal citations omitted). Although Plaintiff argues that this calculation by the Northern District requires the government, not Plaintiff's counsel, to refund the $5,000.00 to Plaintiff, this court finds that the district court's examples of attorney's fees available under the EAJA were meant to demonstrate that § 406(b) does not limit an EAJA award. The court discussed only the "net benefits" and did not detail the exact way in which these benefits were distributed. Thus, this excerpt–cited by Plaintiff–does not address the issue before the court.

In the present case, the Supreme Court clearly stated that a plaintiff's attorney must refund any reimbursements to the plaintiff. See Gisbrecht, 535 U.S. at 796. The cases cited by Plaintiff are in accord. See Kimball, 826 F.Supp. at 578; Kopulos, 318 F.Supp.2d at 663. Consequently, Defendant's motion to amend the April 25th order granting attorney's fees is GRANTED. The Social Security Administration is ordered to pay the full $12,025.00 to Plaintiff's counsel. Plaintiff's counsel must then refund $5,000.00 to Plaintiff for EAJA fees previously received. Further, Plaintiff's request for sanctions is DENIED.

IT IS SO ORDERED.

*James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

22 June 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 45 in case 1:03-CV-01263 was distributed by fax, mail, or direct printing on June 24, 2005 to the parties listed.

---

Joe A. Dycus
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Joe H. Byrd
BYRD DONAHOE & BYRD
P.O. Box 2764
Jackson, TN 38301--276

Honorable James Todd
US DISTRICT COURT